IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kevin Fulton, ) | Civil Action No.:2:13-1932-MGL-WWD |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Michael McCall, *Lee CI Warden*, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Respondent's Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No. 15.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on July 11, 2013. (Dkt. No. 1.) On November 4, 2013, Respondent filed a Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No. 15.) By order filed November 5, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 17.) Petitioner filed his Response in Opposition on or about November 21, 2013. (Dkt. No. 19.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Lee Correctional Institution of the South Carolina Department of Corrections. In January of 2005, the Florence County Grand Jury indicted Petitioner for murder. (See R. at 25-26.) Petitioner was represented by Barry Scott Suggs, Esquire. (See R. at 1.) On October 27, 2005, Petitioner pled guilty to voluntary manslaughter before the Honorable John L. Breeden, Jr. (See R. at 1-21.) On October 27,

2005, Petitioner was sentenced to thirty years of confinement. (R. at 20-21.) Mr. Suggs made an oral Motion for Reconsideration on October 27, 2005; a hearing on that motion was held on February 27, 2007. (R. at 21-23, 28, 30-60.) In an order dated May 3, 2007, Judge Breeden reduced Petitioner's sentence to twenty-five years. (R. at 61-62.)

Petitioner did not file a direct appeal. On March 18, 2008, however, he filed an application for post-conviction relief ("PCR"). (R. at 63-74.) In his application, Petitioner raised the following grounds for relief:

> (a) The Applicant was denied effective assistance of counsel mandated by the [S]ixth Amendment of [the] U.S. Constitution, protected by virtue of the Fourteenth Amendment, enforceable through [S]ection [F]ive.
>
> (b) Counsel was ineffective in failing to enterview/supeana [sic] exculpatory witnesses['] testimony prior to the impending trial.
>
> (c) Counsel was ineffective for not building a self-defense defense on the Applicant's behalf when the evidence in his case strongly supported one.

(Dkt. No. 15-3 at 66 of 106.)

On April 8, 2009, an evidentiary hearing was held before the Honorable Thomas A. Russo. (R. at 80-110.) Petitioner was present and represented by Charles T. Brooks, III, Esquire. (See R. at 80.) In an order filed on October 5, 2009, Judge Russo denied the application for post-conviction relief and dismissed the petition. (R. at 111-17.)

Petitioner, through his attorney Kathrine H. Hudgins of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari on February 7, 2011. (See Dkt. No. 15-1.)[1] Through counsel, Petitioner raised the following issue:

> Was the guilty plea rendered involuntary by the fact that plea counsel led petitioner to believe that he would receive a sentence of less than fifteen years but counsel failed to negotiate a sentence cap of fifteen years and petitioner received a twenty five year sentence?

---

[1]See Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

(Dkt. No. 15-1 at 3 of 10.) Ms. Hudgins also filed a petition to be relieved as counsel. (Dkt.

No. 15-1 at 9 of 10.) On or about March 3, 2011, Petitioner filed a *pro se* response to the

Johnson petition, wherein he raised the following issues (verbatim):

> 1. PCR Applicant Kevin Fulton argues that the PCR Court's order of dismissal is shown being inadequate and not addressing every and each issue raised in the PCR application for the PCR Court to make specific findings of fact and conclusions of law?
>
> 2. Petitioner was placed in a position of being unduly coerced as a matter of law, inasmuch as he had no choice but to enter a guilty plea in order to avoid an assured prison sentence in the event of a conviction as displayed by the Court's record as counsel admitted he made opinions to pursue Petitioner positions in a sentence instead of competent negotiations;
>
> 3. Petitioner was prejudiced by the trial court's erroneously applying the prior convictions to determining what sentence he received for the current charge. Court used the fact about Petitioner's actions weren't out of the ordinary because of 9 different violent crimes. No prior notices given to Petitioner that record was to be used.

(Dkt. No. 15-2 at 5 of 17.)

In an order filed January 10, 2013, the South Carolina Court of Appeals denied the

petition and granted counsel's request to withdraw. (Dkt. No. 15-4.) The matter was remitted

to the lower court on January 28, 2013. (Dkt. No. 15-5.)

Petitioner then filed the instant habeas petition, wherein he raised the following

grounds for review (verbatim):

> **Ground One**: Ineffective assistance of counsel.[2]
>
> **Ground Two:** Failure to object to Judge's improper remarks about Petitioner's prior convictions, etc.
>
> **Ground Three**: Involuntar[y] guilty plea.

(Dkt. No. 1.)

---

[2]Petitioner refers to an "attached addendum," though nothing is attached. (See Dkt. No. 1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As noted above, this matter is before the Court upon Respondent's Motion for Summary Judgment (Dkt. No. 16; see also Dkt. No. 15.) Respondent contends, *inter alia*, that the instant habeas petition is barred by the statute of limitations. (See Dkt. No. 15 at 6-7 of 24.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, a person "in custody pursuant to the judgment of a State court" and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be considered timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 650.

Respondent contends Petitioner's conviction became final on May 13, 2007, and the statute of limitations "expired on May 13, 2008, unless the period was at any time tolled for any properly filed state PCR application." (Dkt. No. 15 at 6 of 24.) As previously noted, Petitioner filed his application for post-conviction relief on March 18, 2008. (R. at 63-74.) Respondent asserts that, at the time Petitioner filed his application for post-conviction relief, "310 days of non-tolled time had accrued since the period of limitations began to run." (Dkt. No. 15 at 7.) Respondent states, "The period of limitations was tolled during the pendency

5

of the PCR action until no later than January 28, 2013, when the South Carolina Court of

Appeals issued the remittitur . . . ." (Id.) According to Respondent,

> The Petitioner had 55 days remaining to file his federal habeas petition until March 24, 2013. However, the Petitioner did not deliver or sign or file his petition until July 11, 2013, 164 days after the remittitur was entered. Therefore, he had expended 474 days of non-tolled time. The entire petition must be dismissed under 28 U.S.C. § 2244(d)(1)(A).

(Dkt. No. 15 at 7.)

Petitioner's habeas petition was not filed within the one-year time frame after his

conviction became final. Rule 203(b)(2) of the South Carolina Appellate Court Rules states,

in relevant part, "After a plea or trial resulting in conviction or a proceeding resulting in

revocation of probation, a notice of appeal shall be served on all respondents within ten (10)

days after the sentence is imposed." Rule 203(b)(2), SCACR. Judge Breeden reduced

Petitioner's sentence on May 3, 2007; Petitioner did not appeal, so his conviction became

final on May 13, 2007. Rule 203(b)(2), SCACR; see, e.g., Johnson v. Warden, 6:10-19-

HFF-KFM, 2010 WL 4386947, at *4 (D.S.C. Sept. 21, 2010), adopted at 2010 WL 4393281

(D.S.C. Oct 29, 2010). He filed his application for post-conviction relief on March 18, 2008.

((R. at 63-74.) At that point, 310 days of non-tolled time had passed; Petitioner had a

remaining 55 days within which to file his federal habeas petition.

Because the statute of limitations was tolled while the application for post-conviction

relief was pending, the statute was tolled from March 18, 2008, until–at the latest–January

28, 2013. See 28 U.S.C. § 2244(d)(2). Petitioner filed the instant habeas petition on July

11, 2013. (Dkt. No. 1.) One hundred and sixty-four days elapsed between January 28,

2013, and July 11, 2013; Petitioner filed his habeas petition 109 days after the statute of

limitations had run. His petition is, therefore, untimely.

6

Even if a § 2254 petition is untimely, a petitioner may be entitled to equitable tolling. In his Response in Opposition, Petitioner "brings the court's attention to the listed fact by the Respondent about the Petitioner . . . not receiv[ing] a direct review to his conviction." (Dkt. No. 19 at 1 of 3.) Petitioner asserts that he did not receive a direct review "due to case counsel not filing the Notice of Appeal to the Clerk of Court in the Court of Appeals, however, the Petitioner has no control over the court not sanctioning the case counsel for not filing a direct appeal notice . . . ." (Id.) Petitioner contends that he has "the right[] to seek a correction[] to this violation done to his rights to seek a direct review to his conviction . . . ." (Id.) He states that he "could have a State v. White review." (Id. at 2 of 3.)[3] Petitioner appears to contend that even though he did not file a direct appeal, the petition should not be considered untimely because–had he appealed–"the time [Petitioner] would have had for direct review would have been a total of more than 109 days but instead prob[ab]ly 365, etc. . . ." (Id.)

Despite Petitioner's arguments, the undersigned recommends concluding that Petitioner is not entitled to equitable tolling. As noted above, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 at 649 (citing Pace, 544 U.S. at 418) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations

---

[3] See White v. State, 263 S.C. 110, 108 S.E.2d 35 (1974).

7

justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 F. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 F. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court.").

Although Petitioner argues he should be entitled to more time because he did not file a direct appeal, Petitioner did not raise a claim of ineffective assistance of counsel for failure to file a direct appeal in his PCR proceeding. (See R. at 80-117.) Furthermore, the fact that Petitioner did not have a direct appeal does not constitute an "extraordinary circumstance [that] stood in his way and prevented timely filing." Holland, 560 at 649; see also Stark v. Helling, 82 F. App'x 542, 543 (9th Cir. 2003) (rejecting the petitioner's argument that he was entitled to equitable tolling because trial counsel failed to file a notice of appeal); Herrera v. Hall, Civ. A. No. 5:12-HC-2236FL, 2013 WL 5979763, at *3-4 (E.D.N.C. Nov. 12, 2013) (finding the petitioner had not demonstrated he was entitled to equitable tolling where "petitioner states that his counsel failed to appeal his re-sentencing, but does not provide any facts to explain how his failure to file a notice of appeal prevented

him from complying with the one year statute of limitation for his § 2254 petition"). Because Petitioner's § 2254 petition is untimely, and Petitioner has not established that he is entitled to equitable tolling, the undersigned recommends granting Respondent's Motion for Summary Judgment. (Dkt. No. 16.)

### CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 16) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[4]

IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 15, 2014
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[4]    Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
        (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).